IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAVAN CHRISTIAN, <br><br> Petitioner, <br><br> v. <br><br> DEBRA K. SAUERS, Superintendent; JOHN PECK, the District Attorney of the County Of Westmoreland; and LINDA KELLY, the Attorney General of the Commonwealth of Pennsylvania, <br><br> Respondents. | Civil Action No. 2:12 - 1040 <br><br><br> Magistrate Judge Cynthia Reed Eddy |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that, in accordance with the Rules Governing Habeas Corpus Cases under Section 2254, the instant Petition for a Writ of Habeas Corpus be dismissed as untimely and there is no basis upon which to issue a certificate of appealability.

### II. REPORT

Petitioner has filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in the Court of Common Pleas of Westmoreland County. For the reasons that follow, the Petition should be dismissed as untimely because it was not filed within the one-year limitations period provided for under 28 U.S.C. § 2244(d).

#### A. Rules Governing Habeas Corpus Cases under Section 2254

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). Rule 4 provides, in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled

to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

In interpreting Rule 4, the Advisory Committee Notes to Rule 4 observe that:

> 28 U.S.C. § 2243 requires that the writ shall be awarded, or an order to show cause issued, "unless it appears from the application that the applicant or person detained is not entitled thereto." Such consideration may properly encompass any exhibits attached to the petition, including, but not limited to, transcripts, sentencing records, and copies of state court opinions. The judge may order any of these items for his consideration if they are not yet included with the petition.

In addition to ordering state court records and/or opinions, a federal habeas court may take judicial notice of state court records and/or state court opinions as well as its own court records. *See, e.g.*, Barber v. Cockrell, No. 4:01-CV-930, 2002 WL 63079, at * 1 (N.D. Tex. Jan. 8, 2002); United States ex. rel. Martin v. Gramley, No. 98 C 1984, 1998 WL 312014, at *1 (N.D. Ill. June 3, 1998). Accordingly, in deciding this petition, this court takes judicial notice of the state court docket in Commonwealth v. Christian, Docket No. CP-65-CR-004943-2008 (Westmoreland County Court of Common Pleas).

### B. Relevant Procedural History

On October 2, 2008, Petitioner was arrested and charged with five Counts of Robbery and related charges. On March 18, 2009, in the Court of Common Pleas of Westmoreland County, Pennsylvania, Petitioner pleaded guilty to one count of Robbery; the other charges were *nolle prossed*. Petitioner did not file any direct appeal.

On February 3, 2010, Petitioner filed a petition for relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. § 9542. On December 2, 2010, Petitioner's PCRA Petition was dismissed. Petitioner did not file any appeal from this Order. Petitioner filed his federal Petition for Writ of Habeas Corpus on July 25, 2012.

## C. Time Period for Filing Federal Habeas Corpus Petitions

The first consideration in reviewing a federal habeas corpus petition is whether the petition was timely filed under the one-year limitations period applicable to such petitions. In this regard, the federal habeas corpus laws were amended pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 142 Cong. Rec. H3305-01 (April 24, 1996), which provides as follows.

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court

3

must determine the "trigger" date for the individual claims raised in the Petition. Typically, this is the date that the petitioner's direct review concluded and the judgment became "final" for purposes of triggering the one-year period under section § 2244(d)(1)(A). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

In the instant action, Petitioner pleaded guilty on March 19, 2009; he did not file any direct appeal from his sentence. Consequently, direct review of Petitioner's conviction became "final" on or about April 19, 2009, *i.e*, the date of the expiration of the thirty-day filing period for filing a timely Notice of Appeal to the Superior Court. *See* Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001) (holding that, because the Petitioner did not file a direct appeal from his guilty plea, his conviction and sentence became "final" upon the expiration of the thirty-day time period during which he could have appealed).[1] Thus, under the one-year limitations period in AEDPA, the Petitioner had until April 19, 2010 to file a federal habeas corpus petition challenging his conviction.

In the case at bar, however, Petitioner did not file his federal Habeas Petition by April 19, 2010; instead, his federal habeas corpus petition was not filed in this Court until July 25, 2012, the date he signed his Petition. Thus, this court must determine whether Petitioner can take advantage of the "tolling" provision in section 2244(d)(2). In this regard, as stated above, section

---

1. *See also* Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the time limit (90 days) for filing a writ of certiorari in the Supreme Court); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999) (same for 28 U.S.C. § 2255 motions).

4

2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). In Carey v. Saffold, 536 U.S. 214 (2002), the Supreme Court made quite clear that to be deemed "properly filed" under 28 U.S.C. § 2244(d)(2), an application for collateral review in state court must satisfy the state's procedural timeliness requirements. *See also* Artuz v. Bennett, 531 U.S. 4 (2000).

With respect to the instant petition, Petitioner filed his PCRA petition on February 3, 2010. Therefore, his one-year limitations period began running on April 20, 2009 and continued to run until February 3, 2010, the date he filed his PCRA petition. From April 20, 2009 until February 3, 2010, two-hundred and eighty-nine (289) days had run on Petitioner's one-year limitations period; seventy-seven (77) days remained. Petitioner's one-year AEDPA limitations was tolled while he was pursuing his PCRA proceeding until expiration of time in which petitioner could seek appeal from denial of postconviction relief, *i.e.*, from February 3, 2010 through January 3, 2011, the expiration of the thirty-day period for filing an appeal to the Superior Court. *See* Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000) (holding that the habeas limitations period was tolled until expiration of time in which petitioner could seek appeal from denial of post-conviction relief even though timely request for appeal was not filed). Petitioner's limitations period began running again on January 4, 2011 and expired 77 days later on March 22, 2011.

Petitioner's one-year limitations period ended on March 22, 2011. Unfortunately for him, Petitioner did not file his federal habeas corpus petition until July 25, 2012, over fifteen months after his limitations period expired. Nothing in the record in this action indicates that Petitioner is entitled to take advantage of any of the other provisions triggering the one-year limitations period.

5

In this regard, Petitioner's petition for habeas corpus and his attachments do not indicate that Petitioner suffered any impediment to filing his federal petition. 28 U.S.C. § 2244(d)(1)(B). Nor has he asserted that his claims are based on a new constitutional right recognized by the United States Supreme Court and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). In addition, he has not shown that his claims are based upon a factual predicate that could not have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D).

Finally, after reviewing Petitioner's claims, there is no indication that the doctrine of equitable tolling should be applied in this action. Although AEDPA's one-year limitation in § 2244(d) is a statute of limitations, not a jurisdictional bar, and, therefore, may be equitably tolled:

> Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1998) (internal citations, quotations, and punctuation omitted). The burden of establishing entitlement to the extraordinary remedy of equitable tolling rests with the petitioner. *Id.* at 978.

The United States Court of Appeals for the Third Circuit has indicated that equitable tolling of the AEDPA statute of limitations is permitted if: "(1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) (internal citation omitted). In the instant action, Petitioner has not carried his burden of showing any extraordinary circumstances beyond his control that accounted for his failure to have filed his habeas petition in a timely manner. *See, e.g.*, Johnson v.

Hendricks, 314 F.3d 159 (3d Cir. 2002) (agreeing with other circuits in holding that in non-capital cases, an attorney's mistake in determining a petitioner's one-year limitations period does not constitute extraordinary circumstances for purposes of equitable tolling). Petitioner may address this issue in objections.

The discussion above reveals that the Petition for Writ of Habeas Corpus in the instant action was not timely filed in accordance with the directives in 28 U.S.C. § 2244(d). The Court notes that it has inherent power to raise this defense *sua sponte* in cases arising under 28 U.S.C. § 2254. *See* Day v. McDonough, 547 U.S. 198, 209 (2006) (holding that district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition); United States v. Bendolph, 409 F.3d 155, 166-168 (3d Cir. 2005) (federal court's inherent power to *sua sponte* raise statute of limitations issue continues after court's preliminary consideration of motion and continues regardless of whether government has failed to assert limitations defense in its answer to motion). *Cf* Wood v. Milyard, ___ U.S. ___, 132 S.Ct. 1826, 1834 (2012) (confirming that district courts have the authority, though not the obligation, to *sua sponte* consider timeliness, even where the State negligently conceded that the petition was timely, provided the petitioner is accorded a fair opportunity to present his position).

Consequently, it is recommended that the Petition be dismissed as untimely. Petitioner may submit objections addressing the Court's timeliness determination in accordance with the schedule set forth below.

### D. Certificate of Appealability

Section 2253 generally governs appeals from district court orders regarding habeas petitions. Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a State court unless a

7

certificate of appealability (COA) has been issued. A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). There is a difficulty with this provision when the District Court does not decide the case on the merits but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right. In Slack v. McDaniel, 529 U.S. 473 (2000) the Supreme Court held that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable that Petitioner did not file his habeas petition within the one-year limitations period. Accordingly, there is no basis upon which to issue a certificate of appealability.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Based on the discussion above, it is respectfully recommended that the Petition for Writ of Habeas Corpus be denied as untimely.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and the Local Rules for Magistrate Judges, the parties are allowed fourteen (14) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

_____
Cynthia Reed Eddy
United States Magistrate Judge

Dated: August 1, 2012

Javan Christian
HY-9907
SCI Forest
Post Office Box 945
286 Woodlawn Drive
Marienville, PA 16239

9